**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NUVAPE COMPANY LLC,<br>a Wyoming Limited Liability Company. | §<br>§<br>§ | |
| **v.** | §<br>§<br>§ | **Civil Action No. _____** |
| AZIZ PANJWANI; A&K BUSINESS, INC.;<br>BLOOM THREE, LLC; COMFORT TWENTY<br>SEVEN, LLC;  GATEWEST 1, LLC;<br>GATEWEST 4, LLC; MOONGLOW 2, LLC;<br>PEARL EIGHT, LLC; WISH ONE, LLC;<br>WISH FIVE, LLC; AND WISH NINE, LLC. | §<br>§<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES, PUNITVE DAMAGES,
AND INJUNCTIVE RELIEF**

Plaintiff, NuVape Company Limited Liability Company (hereinafter "NuVape" or "Plaintiff"), states the following for its Complaint against Defendants Aziz Panjwani ("Panjwani"),  A&K Business, Inc.; Bloom Three, LLC; Comfort Twentyseven, LLC; Gatewest 1, LLC; Gatewest 4, LLC; Moonglow 2, LLC; Pearl Eight, LLC; Wishon One, LLC; Wish Five, LLC; and Wish Nine, LLC (hereinafter sometimes collectively referred to as the (" Texas Corporate Defendants").

**NATURE OF ACTION**

1.     NuVape brings this action at law and in equity for trademark infringement, counterfeiting and unfair competition arising under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. Section 1051, *et seq.,* including Section 1125(a)(1), as well as trademark infringement, unfair competition, and unjust enrichment

1

under Texas law based on the Texas Corporate Defendants' and Panjwani's unjust enrichment under Texas law based on the Texas Corporate Defendants' and Panjwani's infringement of Plaintiff's registered Trademark GEEK USA for vape devices (hereinafter "GEEK USA Mark"). Among other relief, NuVape asks this Court to: (a) temporarily and permanently enjoin Defendants from distributing, marketing, or selling vape devices bearing confusingly similar and dilutive imitations of Plaintiff's GEEK USA MARK; (b) award NuVape monetary damages and to treble that award; (c) require Defendants to disgorge all profits from its sales of vape devices advertised and sold under the confusingly similar and dilutive imitation of Plaintiff's GEEK USA Mark; and (d) award NuVape punitive damages, attorney's fees and costs.

## JURISDICTION AND VENUE

2.     NuVape bring this action against the Texas Corporate Defendants and Panjwani for trademark infringement and unfair competition arising under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. Section 1051, *et seq.,* including Section 1125(a)(1), as well as trademark infringement, unfair competition, and unjust enrichment under Texas law. The Court also has jurisdiction under 28 U.S.C. §1332 (diversity of citizenship). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

3.     The Court has general personal jurisdiction over the Texas Corporate Defendants because, on information and belief: (a) Defendants' principal places of business are in Houston, Texas; and (b) Defendants regularly transact and conduct business within the State of Texas, including in this District. The Court has general personal

jurisdiction over Defendant Aziz Panjwani because Defendant Panjwani resides in the District.

4.        Under 28 U.S.C. §1391(b)(2), venue is proper in this judicial district because a substantial part of the events giving rise to the claims of this action occurred and are occurring in this judicial district. Venue is also proper under 28 U.S.C. §1391(c)(3), because the corporate Defendants are Texas limited liability companies and Defendant Panjwani resides in the District.

## THE PARTIES

5.        Plaintiff NuVape Company Limited Liability Company is a limited liability company organized under the laws of Wyoming, with its principal business address at 30 North Gould Street, Suite R, Sheridan, Wyoming 82801.

6.        Defendant AZIZ PANJWANI is an individual who resides in Fort Bend County, Texas and may be served with process at 522 Newington Lane, Sugar Land, Texas 77479 or wherever he may be found

7.        Defendant A&K BUSINESS, INC. is a company organized under the laws of Texas, with a principal business address at 2456 Cypress Creek Pkwy, Houston, Texas 77068. Defendant owns the Rock N Roll It Smoke Shop located at 2456 FM 1960 Rd. W., Houston, Texas 77068. Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS

3

BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Azis Panjwani at 2456 FM 1960 West, Houston, Texas 77068 or wherever they may be found.

8.      Defendant  BLOOM THREE, LLC is a limited liability company organized under the laws of Texas, with a principal business address at 522 Newington Ln, Sugarland, Texas 77479. Defendant owns the Rock N Roll It Smoke Shop located at 14609 W Lake Houston Pkwy, Suite A, Houston, Texas 77044.  Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

9.      Defendant  COMFORT TWENTYSEVEN, LLC. is a limited liability company organized under the laws of Texas, with a principal business address at 522 Newington Ln, Sugarland, Texas 77479. Defendant owns the Rock N Roll It Smoke Shop located at 1400 N. Shepherd Dr., Houston, Texas 77008.  Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by

4

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

10.    Defendant  GATEWEST 1, LLC is a limited liability company organized under the laws of Texas, with a principal business address at 7482 Harwin Dr., Houston, Texas 77036. Defendant owns the Rock N Roll It Smoke Shop located at 1969 W. TC Jester Blvd., Houston, Texas 77008.  Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

11.    Defendant  GATEWEST 4, LLC is a limited liability company organized under the laws of Texas, with a principal business address at 7482 Harwin Dr., Houston, Texas 77036. Defendant owns the Rock N Roll It Smoke Shop located at 4010 N. Sam Houston Pkwy W., #140, Houston, Texas 77086.  Defendant engages and/or has engaged

in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

12.     Defendant  MOONGLOW 2, LLC is a limited liability company organized under the laws of Texas, with a principal business address at 522 Newington Ln, Sugarland, Texas 77479. Defendant owns the Rock N Roll It Smoke Shop located at 3501 S. Shepherd Dr., Houston, Texas 77098.  Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

13.     Defendant  PEARL EIGHT, LLC is a limited liability company organized under the laws of Texas, with a principal business address at 522 Newington Ln, Sugarland,

6

Texas 77479. Defendant owns the Rock N Roll It Smoke Shop located at 13250 Highway 6, Santa Fe, Texas 77510. Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

14.    Defendant  WISH ONE, LLC is a limited liability company organized under the laws of Texas, with a principal business address at 522 Newington Ln, Sugarland, Texas 77479. Defendant owns the Rock N Roll It Smoke Shop located at 11220 Louetta Rd., #100, Houston, Texas 77070.  Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

15.    Defendant WISH FIVE, LLC is a limited liability company organized under the laws of Texas, with a principal business address at 522 Newington Ln, Sugarland, Texas 77479. Defendant owns the Rock N Roll It Smoke Shop located at 11209 Fuqua St., Houston, Texas 77089. Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

16.    Defendant WISH NINE, LLC is a limited liability company organized under the laws of Texas, with a principal business address at 522 Newington Ln, Sugarland, Texas 77479. Defendant owns the Rock N Roll It Smoke Shop located at 132 FM 1960 Rd. E, Suite A, Houston, Texas 77073. Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.201(d), "[a]ny employee of Defendant may receive service at the registered office." Defendant may also be served through its

8

registered agent, Steven Grossman, 4544 Post Oak Place Dr., Suite 270, Houston, Texas 77027, or wherever they may be found.

## FACTUAL BACKGROUND

17.    NuVape is engaged in the manufacturing, marketing and sale of GEEK USA vaping devices in Texas and throughout the United States. NuVape's use of its GEEK USA Mark has been continuous and widespread. Geek USA vaping devices are manufactured in the United States. A photograph of an authentic GEEK USA vaping device:



18.    NuVape extensively markets and advertises its vaping devices under the GEEK USA Mark on its website (http://www.GEEKvapesusa.com), and in other online

and offline advertising.

19.    As a result of its established, widespread, and extensive use of its GEEK USA Mark, NuVape has developed considerable goodwill, public recognition, and strong Trademark rights. Consumers have come to know and trust the GEEK USA Mark.

20.    In addition to its strong and enforceable common law trademark rights, NuVape has registered GEEK USA as its trademark with the United States Patent and Trademark Office, Registration No. 8,161,096.

21.    The Texas Corporate Defendants are Texas limited liability companies that each own and operate a Rock N Roll It Smoke Shop in Houston, Texas. Defendant Panjwani is the managing member and owns each of the Texas Corporate Defendants. NuVape discovered that each of the Texas Corporate Defendants had in their possession, and were offering for sale, counterfeit GEEK USA vaping devices. The following is a photograph of one of the counterfeit GEEK USA vaping devices sold by the Defendants:



22.    Upon information and belief, Defendant Panjwani knowingly obtained and distributed the counterfeit GEEK USA vaping devices sold by the Texas Corporate Defendants.

## DEFENDANTS' UNLAWFUL ACTS

23.    NuVape is informed and believes that before the Texas Corporate Defendants and Panjwani commenced the conduct complained of below, Defendants were each aware of the existence and fame of the GEEK USA Mark and the GEEK USA Trademark Registration, of the goodwill represented and symbolized in the GEEK USA Mark, and of the public recognition and reliance upon the GEEK USA Mark to identify

11

the authentic devices of NuVape and distinguish NuVape's goods and services from others.

24. In what appears to be an obvious attempt to capitalize on the renown of the GEEK USA Mark, Defendants advertise, promote, distribute, import, sell and/or offers for vaping devices similar to NuVape's vaping devices under the GEEK USA Mark.

25. NuVape is informed and believes that Defendants advertised, promoted, distributed, imported, sold and/or offered for vaping devices with the GEEK USA Mark and have obtained substantial profits thereby. Such advertisement, distribution, sales and profits are ongoing as of the date of this Complaint.

26. By labelling their vaping devices as GEEK USA, Defendants intended to trade off the strong consumer goodwill in the GEEK USA Mark.

27. Defendants' actions have caused, or are likely to cause, great and irreparable injury to NuVape, including irreparable injury to its goodwill and reputation, for which NuVape has no adequate remedy at law.

28. Defendants' use of the GEEK USA Mark on their counterfeit devices in connection with online and in-person sales has the potential to diminish adult consumer opinion of the widely known GEEK USA Mark devices by associating them with Defendants' inferior devices and services.

29. Upon information and belief, the Texas Corporate Defendants and Panjwani will continue to commit the acts complained of herein unless enjoined.

30. Upon information and belief, the Texas Corporate Defendants' and Panjwani's acts were deliberate and intentionally carried out in bad faith, or with reckless disregard for or with willful blindness to NuVape's rights in the GEEK USA

Mark, for the purpose of trading on GEEK USA's reputation and diluting the GEEK USA Trademark.

## FIRST CAUSE OF ACTION

### Trademark Infringement, Unfair Competition, and Counterfeiting Under the Lanham Act

31.    NuVape realleges each allegation and fact set forth in paragraphs 1-30 above.

32.    The Texas Corporate Defendants' use of a spurious mark which is substantially indistinguishable from NuVape's GEEK USA Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the vaping devices sold by Defendants are actually manufactured or distributed by NuVape, or is associated or connected with NuVape, or has the sponsorship, endorsement, or approval of NuVape when, in fact, they do not.

33.    The Texas Corporate Defendants' use of a spurious mark which is substantially indistinguishable from NuVape's registered GEEK USA Mark and GEEK USA Trademark is in violation of 15 U.S.C. §§1114, 1125(a) and 1127. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to NuVape's goodwill and reputation as symbolized by the GEEK USA Trademark, for which NuVape has no adequate remedy at law.

34.    The Texas Corporate Defendants have unfairly profited from their acts of trademark infringement and counterfeiting.

13

35.     The Texas Corporate Defendants' actions demonstrate an intentional, willful, and malicious intent to trade  on the goodwill associated with NuVape's GEEK USA Trademark to NuVape's great and irreparable harm.

36.     By reason of its acts as aforesaid, the Texas Corporate Defendants have also engaged in false designation of origin, and false or misleading description and/or representations under 15 U.S.C. §1125(a).

37.     NuVape has suffered, and will continue to suffer, irreparable harm and damage as a result of the Texas Corporate Defendants false designation of origin, and false or misleading description and/or representation, entitling GEEK USA to injunctive relief, to recover the Texas Corporate Defendants' profits, actual damages or statutory damages, enhanced profits and treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§1114, 1116, and 1117.

## <u>SECOND CAUSE OF ACTION</u>

### Violation of Texas Anti-Dilution Statute

38.     GEEK USA Enterprises realleges each allegation and fact set forth in paragraphs 1-37 above.

39.     By reason of the foregoing, GEEK USA Enterprises  hereby asserts a claim against Texas Corporate Defendants for injunctive relief pursuant to §16.103 of the Texas Business and Commerce Code, with respect to the dilution by blurring in commerce by Defendants' use of the GEEK USA Mark and the GEEK USA Trademark.

## THIRD CAUSE OF ACTION

### Common Law Trademark Infringement

40.    NuVape realleges each allegation and fact set forth in paragraphs 1-39 above.

41.    By reason of the foregoing, NuVape hereby asserts a claim against the Texas Corporate Defendants and Panjwani for injunctive and monetary relief pursuant to the common law, with respect to Defendants' infringement of the GEEK USA Mark and GEEK USA Trademark.

## FOURTH CAUSE OF ACTION

### Common Law Unfair Competition

42.    NuVape realleges each allegation and fact set forth in paragraphs 1-41 above.

43.    By reason of the foregoing, NuVape hereby asserts a claim against the Texas Corporate Defendants and Panjwani for injunctive and monetary relief pursuant to the common law of Texas, with respect to the false designation of origin and false descriptions and representations in commerce by Defendants' use of the GEEK USA Mark and GEEK USA Trademark.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

44.    NuVape realleges each allegation and fact set forth in paragraphs 1-43 above.

45.    As set forth above, the Texas Corporate Defendants use the GEEK USA Trademark on their devices. Defendants have received and are receiving a direct pecuniary benefit from these unlawful acts. Defendants have been unjustly enriched to NuVape's detriment. As a result, NuVape is entitled is  entitled to recover its actual damages caused by Defendants' unjust enrichment. Alternatively, or in addition thereto, NuVape is entitled to disgorgement of Defendants' ill-gained and unjust profits.

## SIXTH CAUSE OF ACTION

### Conspiracy

46.    NuVape realleges each allegation and fact set forth in paragraphs 1-45 above.

47.    Each of the Texas Corporate Defendants and Panjwani had a meeting of the minds to coordinate and act in concert to conspire to distribute and sell counterfeit Geek USA vaping devices and infringe upon NuVape's Geek USA's trademark rights. Defendants had the specific intent to agree to accomplish an unlawful purpose by distributing and selling counterfeit Geek USA vaping devices that infringe upon NuVape's GEEK USA's trademark rights. Defendants  were well aware of the harm or wrongful conduct at the inception of their agreement to infringe upon NuVape's trademark rights. NuVape has been damaged, and continues to be damaged by Defendants' conduct. Defendants are jointly and severally liable for the damage caused to NuVape.

### ALTER EGO

48.    NuVape realleges each allegation and fact set forth in paragraphs 1-47 above.

16

49.     Upon information and belief Defendant Panjwani is the alter ego of the Texas Corporate Defendants. Defendant Panjwani, as managing member, owns and controls each of the Texas Corporate Defendants. Panjwani coordinated and directed the Texas Corporate Defendants' actions to infringe upon NuVape's GEEK USA trademark rights and other unlawful conduct alleged herein. Panjwani was the moving, active, and conscious force behind the Texas Corporate Defendants' infringement and he exercised control and acted with knowledge and intent to benefit from the wrongful conduct. Panjwani knowingly obtained and distributed the counterfeit GEEK USA vaping devices to be sold by the Texas Corporate Defendants for Panjwani's personal benefit as managing member and owner of the Texas Corporate Defendants.

## REQUEST FOR PRELIMINARY AND PERMENANT INJUCTION

50.     The Texas Corporate Defendants and Panjwani's purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to NuVape's reputation, and the goodwill symbolized by the GEEK US. The Defendants have willfully violated the NuVape's trademark in a deliberate attempt to defraud consumers into believing the sales of counterfeit products are authorized and/or genuine. NuVape seeks to stop ongoing, irreparable harm resulting from Defendants' unlawful infringement of NuVape's trademark. Without a preliminary injunction, NuVape will suffer irreparable harm. The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark ..." 15 U.S.C. §1116(a).  The Lanham Act also establishes a rebuttable presumption of irreparable harm triggered by a finding of a

17

likelihood of success on the merits. 15 U.S.C. §1116(a). Likewise, courts in the Fifth Circuit presume irreparable harm if a likelihood of consumer confusion exists. *See Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013) (" 'All that must be proven to establish liability and the need for an injunction against infringement is the likelihood of confusion-injury is presumed.' " (citation omitted)). Because NuVape is likely to succeed on the merits, this presumption of irreparable harm applies.

51.    But even without the presumption, the irreparable harm to NuVape is clear. The Texas Corporate Defendants and Panjwani are using a substantially identical GEEK USA mark on their counterfeit vaping devices. This situation poses a substantial threat to NuVape's reputation and goodwill, which money damages alone cannot remedy. In a trademark infringement case, a substantial likelihood of confusion constitutes irreparable injury. When a likelihood of confusion exists, the plaintiff's lack of control over the quality of the defendant's services constitutes immediate and irreparable harm. The injury lies in the fact that the plaintiff no longer controls its own reputation and goodwill.

52.    Defendant Panjwani owns numerous other Rock N Roll It Smoke Shops in Texas individually or through corporate entities that he controls. Upon information and belief, Defendant Panjwani is distributing and selling counterfeit GEEK USA vaping devices in all of the Rock N Roll It Smoke Shops he owns or controls through his corporate entities. NuVape seeks preliminary injunctive relief that will apply to all Rock N Roll It Smoke Shops owned or controlled by Defendant

Panjwani in the State of Texas.

53.    NuVape is entitled to preliminary injunctive relief because (1) it is substantially likely to succeed on the merits of its claims, including its claim for unfair competition under the Lanham Act; (2) it will suffer immediate and irreparable injury in the absence of injunctive relief- injury for which it has no adequate remedy at law; (3) the balance of the equities tips in its favor; and (4) the public interest would be served by a preliminary injunction.

## JURY DEMAND

54.    NuVape requests a trial by jury.

## PRAYER FOR RELIEF INJUNCTIVE RELIEF AND DAMAGES

WHEREFORE, NuVape Company Limited Liability Company prays for judgment against Defendants, jointly and severally, as follows:

A.    That the Court enter a preliminary temporary injunction, followed by a permanent injunction, that Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, under authority from Defendants, or in concert or participation with Defendants, be enjoined and restrained during the pendency of this action and perpetually from:

    (i)    Using the GEEK USA Trademark or any other copy, counterfeit copy, reproduction, or simulation of Plaintiff's GEEK USA Mark and GEEK USA Trademark on or in connection with vaping devices and the retail sale and advertisement thereof; and

    (ii)    Passing off, palming off, or assisting in the passing off or palming off Defendants' vaping devices as that of GEEK USA and

    (iii)    Advertising, promoting, offering for sale, or selling vaping devices or

19

other goods bearing exact and/or confusingly similar imitations of Plaintiff's GEEK USA Mark and GEEK USA Trademark.

B. Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all vaping devices sold under or bearing any copy, counterfeit copy, reproduction or other confusingly similar imitation of Plaintiff's GEEK USA Trademark that are in Defendants' possession, custody, or control, or have been shipped by Defendants under their authority to any customer, including any wholesaler, distributor, retailer, consignor, or marketer, and to deliver to each such customer a copy of this Court's Order as it relates to injunctive relief against Defendants.

C. Defendants be ordered to deliver up for impoundment and for destruction all vaping devices in the possession, custody, or control of Defendants that are found to adopt, infringe, or dilute Plaintiff's GEEK USA Mark and GEEK USA Trademark or that otherwise unfairly compete with Plaintiff and its devices.

D. Defendants be ordered to file with this Court and to serve on Plaintiff, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

E. That the award of damages, gains and/or profits be increased, as provided by 15 U.S.C. § 1117, or as otherwise provided by law.

F. That Defendants be ordered to pay over to Plaintiff the costs of this action, including reasonable attorneys' fees, costs, and interest, as provided

20

by 15 U.S.C. § 1117, or as otherwise provided by law.

G.     Based on Defendants' knowing and intentional use of confusingly similar and/or exact imitations and counterfeit copies of Plaintiff's registered GEEK USA mark and GEEK USA Trademark, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a) and state law.

H.     Based on Defendants' willful and deliberate infringement and/or dilution of Plaintiff's registered GEEK USA Mark and GEEK USA Trademark, and to deter such conduct in the future, Plaintiff be awarded punitive damages.

I.     That Plaintiff NuVape be awarded such further relief as the Court may deem just and proper.

Dated: March 31, 2026.

Respectfully submitted,

By:     /s/ Mike O'Brien
        Mike O'Brien
        Texas Bar No. 15170200
        Federal ID No. 9968
        mike@moblaw.com
        MIKE O'BRIEN, P.C.
        14355 Highway 105
        Washington, Texas 77880
        Telephone: (713) 222-0088
        Facsimile:  (713) 222-0888

**ATTORNEY IN CHARGE FOR PLAINTIFF NUVAPE**

**OF COUNSEL:**
Mark D. Goranson
Texas Bar No. 08192950
S.D. Bar No. 9093
GORANSONKING, PLLC
1415 North Loop West, Suite 1250
Houston, Texas 77008
Telephone: (713) 526-9200
Facsimile: (713) 526-9202
goranson@goransonnking.com