**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NUVAPE COMPANY LLC, a Wyoming Limited Liability Company. | § § § | |
| v. | § | Civil Action No. 4:26-cv-02571 |
| | § § | |
| AZIZ PANJWANI; A&K BUSINESS, INC.; BLOOM THREE, LLC; COMFORT TWENTY SEVEN, LLC;  GATEWEST 1, LLC; GATEWEST 4, LLC; MOONGLOW 2, LLC; PEARL EIGHT, LLC; WISH ONE, LLC; WISH FIVE, LLC; AND WISH NINE, LLC. | § § § § § § § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AGAINST ALL DEFENDANTS**

COMES NOW, Plaintiff, NuVape Company, LLC, and files this Motion for Civil Contempt Against All Defendants, and would respectfully show this Court as follows:

**I.
INTRODUCTION**

1.      Plaintiff, NuVape Company Limited Liability Company (hereinafter "NuVape" or "Plaintiff"), brings this Motion for Contempt against Defendants Aziz Panjwani ("Panjwani"), A&K Business, Inc.; Bloom Three, LLC; Comfort Twentyseven, LLC; Gatewest 1, LLC; Gatewest 4, LLC; Moonglow 2, LLC; Pearl Eight, LLC; Wishon One, LLC; Wish Five, LLC; and Wish Nine, LLC (hereinafter sometimes collectively referred to as the "Texas Corporate Defendants").

1

2.      Pursuant to the Agreed Preliminary Injunction entered by the Court on May 18, 2026, Defendants were ordered to turn over to Plaintiff, "within fourteen (14) days after entry of this Order, all documents and records regarding the importation, distribution, or sale of unauthorized, counterfeit, or unlicensed vaping devices bearing the "GEEK USA" trademark or "GEEK USA"'. Despite this Order, Defendants have willfully and intentionally violated the Agreed Preliminary Injunction. Defendants have failed to turn over a single document and have made no effort to excuse their failure to comply with the Order.

3.      In order to obtain Defendants compliance with the Agreed Preliminary Injunction, Plaintiff's counsel emailed Defendants' counsel, Messrs. Grossman and Newman on June 1, 2026 and again on June 3, 2026 requesting that the required documents be produced. Defense counsel provided no response.

4.      Accordingly, NuVape respectfully requests that this Court enter an order compelling Defendants to show cause why they should not be held in contempt and subject to severe sanctions to compensate NuVape for their willful misconduct, including appropriate per diem sanctions and attorneys' fees.

## II.
## <u>**NATURE OF ACTION**</u>

5.      On March 31, 2026 NuVape filed its Complaint asserting claims against Defendant Panjwani and the Texas Corporate Defendants for trademark infringement, counterfeiting and unfair competition arising under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. Section 1051, *et seq.,* including Section

1125(a)(1), as well as trademark infringement, unfair competition, and unjust enrichment under Texas law based on the Texas Corporate Defendants' and Panjwani's infringement of Plaintiff's registered Geek USA Mark for vape devices.

6.     To date, despite being properly served with citation, none of the Defendants have filed an answer or other responsive pleading.

### III.
### FACTUAL BACKGROUND

7.     NuVape filed its Emergency Motion for Temporary Restraining Order and Preliminary Injunction on May 14, 2026. Thereafter, Panjwani and the Texas Corporate Defendants agreed to the terms of an Agreed Preliminary Injunction. The parties filed their Joint Motion for Entry of Agreed Preliminary Injunction, and the Court issued it Order Entering Agreed Preliminary Injunction on May 18, 2026.

8.     As stated. the Agreed Preliminary Injunction required all Defendants to "turn over to Plaintiff, within fourteen (14) days after entry of this Order,  all documents and records regarding the importation, distribution, or sale of unauthorized, counterfeit, or unlicensed vaping devices bearing the "GEEK USA" trademark or "GEEK USA"'. Defendants have willfully violated the Agreed Preliminary Injunction by failing to produce the documents. Defendants have also made no attempt to excuse their misconduct.

### IV.
### RELEVANT LAW

9.     Courts possess the inherent authority to enforce their own injunctive decrees through civil contempt orders to vindicate the sanctity of both its prior orders and the court

system. *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995); *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *Young Again Prods. v. Acord*, No. H-09-282, 2013 U.S. Dist. LEXIS 187188, at *13-14 (S.D. Tex. Mar. 5, 2013). A "movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009) (internal quotations omitted); *Young Again Prods.*, 2013 U.S. Dist. LEXIS 187188, at *12; *Strong v. Livingston*, No. 2:12-CV-106, 2014 U.S. Dist. LEXIS 50081, at *4 (S.D. Tex. Apr. 11, 2014).

10.     An agreed preliminary injunction, though founded on the parties' mutual consent, is nonetheless a judicial act that carries the full force and effect of any court order. The Fifth Circuit has held unequivocally that a consent order must be obeyed until it is vacated or withdrawn, and that a party who consents to an injunction renounces any contrary position, placing that renunciation beyond recall. *Federal Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395 (1987).

11.     When the Court's Order, as here, grants injunctive relief, it can be enforced against the parties' "owners, officers, agents, servants, employees, and attorneys," as well as "other persons who are in active concert or participation with" any of them. Fed. R. Civ. P. 65(d)(2); *see Travelhost*, 68 F.3d at 961. Importantly, "[t]he contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000)*.*

12.     Once the Court finds contempt, it has "broad discretion in assessing sanctions

4

to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citing *Am. Airlines*, 228 F.3d at 585).

## V.
## DEFENDANTS ARE IN CONTEMPT

13.    NuVape has met its burden by showing that Defendants have violated the Agreed Preliminary Injunction and should be held in contempt. Once the Court finds contempt, it has "broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citing *Am. Airlines*, 228 F.3d at 585).

14.    In determining an appropriate civil contempt sanction, the Court should consider: (i) the harm resulting from the non-compliance with the court's order; (ii) the probable effectiveness of the sanction; (iii) the financial resources of the contemnor and the burden sanctions may impose; and (iv) the willfulness of the contemnor in disregarding the court's order. *Lamar Financial Corp. v. Adams,* 918 F.2d 564, 567 (5th Cir. 1990). Where civil contempt is found, judicial sanctions designed to coerce the offending party into compliance and to compensate the opposing party for losses sustained, including damages and attorney fees are appropriate. *See, e.g. Norman Bridge Drug Co. v. Banner,* 529 F.2d 822, 827 (5th Cir. 1976); *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 401 (5th Cir. 1987). A court may properly impose a prospective per diem sanction in order to coerce compliance with its orders. *Lamar Financial Corp.,* 918 F.2d at 567 (5th Cir. 1990); *Alberti v. Klevenhagen,* 46 F.3d 1347, 1360 (5th Cir. 1995).

5

## VI.
## REQUESTED RELIEF FOR CONTEMPT

15.    For the foregoing reasons, this Court should enter an order to show cause why Defendants should not be held in contempt for violating the Agreed preliminary Injunction. NuVape respectfully requests that this Court hold the Defendants in contempt and order all Defendants to immediately produce the documents required by the Agreed Temporary Injunction. NuVape further requests that the Court impose a five hundred dollar ($500) per diem sanction against each Defendant for each day each Defendant fails to produce the documents after the entry of the Court's order holding the Defendants in contempt. NuVape also requests that the Court award NuVape its attorney fees incurred in connection with the filing of this Motion.

16.    Finally, Plaintiff NuVape requests that it be awarded such further relief as the Court may deem just and proper.

Dated: June 5, 2026.

Respectfully submitted,

By:    /s/ Mike O'Brien
     Mike O'Brien
     Texas Bar No. 15170200
     Federal ID No. 9968
     mike@moblaw.com
     MIKE O'BRIEN, P.C.
     14355 Highway 105
     Washington, Texas 77880
     Telephone: (713) 222-0088
     Facsimile:  (713) 222-0888

     **ATTORNEY IN CHARGE FOR**
     **PLAINTIFF NUVAPE**

**OF COUNSEL:**

Mark D. Goranson
Texas Bar No. 08192950
S.D. Bar No. 9093
GORANSONKING, PLLC
1415 North Loop West, Suite 1250
Houston, Texas 77008
Telephone: (713) 526-9200
Facsimile: (713) 526-9202
goranson@goransonnking.com

<u>**CERTIFICATE OF CONFERENCE**</u>

Counsel for Plaintiff has made several attempts to have Defendants comply with the terms of the Agreed Preliminary Injunction through email communications over the past week with Messrs. Steve Grossman and Todd Newman, counsel for all Defendants. Plaintiff's counsel received no response from Defendants' counsel.

By:   /s/ Mike O'Brien
Mike O'Brien

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of this Motion for Civil Contempt has been delivered to all Defendants by serving Steve Grossman and Todd Newman, via electronic service on this the 5th day of June, 2026.

By:   /s/ Mike O'Brien
Mike O'Brien

7